The Honorable John H. Chun

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID JESUS MARTINEZ,<br><br>Defendant. | NO. CR-23-090-06 JHC<br><br>UNITED STATES' SENTENCING MEMORANDUM |

David Martinez participated in a scheme to defraud every major federal pandemic assistance program of more than $6.8 million through the submission of more than 125 fraudulent applications and claims. Martinez impersonated landlords and tenants to defraud the U.S. Department of Treasury's Emergency Rental Assistance program of $300,222 and laundered the funds to pay co-defendant Paradise Williams kickbacks and purchase a 2013 Chevrolet Silverado and diamond jewelry.

As contemplated by the Plea Agreement, the United States maintains that 15 months of imprisonment is the appropriate sentence for Martinez. However, the government acknowledges that, given the 18-month sentence this Court imposed on co-defendant Tia

United States' Sentencing Memorandum
United States v. Martinez, CR23-090-JHC 06 - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Robinson, a sentence of 15 months would result in an unwarranted sentencing disparity between the co-defendants given Robinson's role in the scheme relative to Martinez's.

The government is recommending a below-Guideline sentence for Martinez because he was the first defendant to accept responsibility and enter a guilty plea in this matter. While Martinez is not a "zero-point offender," the government also acknowledges that Martinez's criminal history consists of being a serial offender for driving with a suspended license.

## I.   BACKGROUND

When Paradise Williams began executing her fraud on Emergency Rental Assistance program funds administered through King County's Eviction Prevention and Rent Assistance Program (EPRAP) and local non-profits, she knew that she could mitigate the likelihood of detection by using identities other than her own. David Martinez, her daughter's godfather and Rayvon Peterson's childhood friend, was among the first individuals Williams recruited to the scheme. From the start, Martinez was an eager and willing participant as Williams instructed him what to do:

| Timestamp: Time | From | To | Text |
| --- | --- | --- | --- |
| 9/27/2021 1:00:52 PM(UTC-7) | WILLIAMS | **MARTINEZ** | I just gave this place your number |
| 9/27/2021 1:00:59 PM(UTC-7) | WILLIAMS | **MARTINEZ** | Your my landlord lol |
| 9/27/2021 1:01:49 PM(UTC-7) | WILLIAMS | **MARTINEZ** | Behind 6 months |
| 9/27/2021 1:02:27 PM(UTC-7) | WILLIAMS | **MARTINEZ** | Lol I'll give you 3k lol |
| 9/27/2021 1:03:32 PM(UTC-7) | WILLIAMS | **MARTINEZ** | 7848 S 126th st Seattle WA 98178 |
| 9/27/2021 1:03:39 PM(UTC-7) | WILLIAMS | **MARTINEZ** | Rent is 2200 |
| 9/27/2021 4:26:37 PM(UTC-7) | **MARTINEZ** | WILLIAMS | And next month is coming up on the 5th lol 😂 so really 7 months |
| 9/27/2021 4:29:55 PM(UTC-7) | WILLIAMS | **MARTINEZ** | Yeah and they pay 3 months ahead |

United States' Sentencing Memorandum
*United States v. Martinez*, CR23-090-JHC 06 - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| Timestamp: Time | From | To | Text |
|---|---|---|---|
| 9/27/2021 4:31:24 PM(UTC-7) | **MARTINEZ** | WILLIAMS | So that's 10 months |
| 9/27/2021 4:31:28 PM(UTC-7) | **MARTINEZ** | WILLIAMS | Lol 😂 |
| 9/27/2021 4:31:40 PM(UTC-7) | WILLIAMS | **MARTINEZ** | Yeah lol |
| 9/27/2021 4:32:34 PM(UTC-7) | **MARTINEZ** | WILLIAMS | That's 22,000 I need 5k minimum lol 😂 |
| 9/27/2021 4:32:57 PM(UTC-7) | WILLIAMS | **MARTINEZ** | Lol I got you free bands lol |
| 9/27/2021 4:33:44 PM(UTC-7) | **MARTINEZ** | WILLIAMS | Lol when did you say rent is due |
| 9/27/2021 4:34:28 PM(UTC-7) | WILLIAMS | **MARTINEZ** | 3rd |
| 9/27/2021 4:34:47 PM(UTC-7) | WILLIAMS | **MARTINEZ** | They won't ask that tho |
| 9/27/2021 4:34:51 PM(UTC-7) | WILLIAMS | **MARTINEZ** | Just for your email |
| 9/27/2021 4:34:57 PM(UTC-7) | **MARTINEZ** | WILLIAMS | Oh ok coo |
| 9/27/2021 4:34:57 PM(UTC-7) | WILLIAMS | **MARTINEZ** | This is your email |
| 9/27/2021 4:35:09 PM(UTC-7) | WILLIAMS | **MARTINEZ** | David.Martinez.ceo@outlook.com |
| 9/27/2021 4:35:14 PM(UTC-7) | **MARTINEZ** | WILLIAMS | No |
| 9/27/2021 4:35:58 PM(UTC-7) | **MARTINEZ** | WILLIAMS | David.martinez1990@[redacted] |
| 9/27/2021 4:37:14 PM(UTC-7) | WILLIAMS | **MARTINEZ** | Use that one I sent you lol |
| 9/27/2021 4:37:30 PM(UTC-7) | WILLIAMS | **MARTINEZ** | So when they send the stuff you have to upload I can do it lol |
| 9/27/2021 4:37:52 PM(UTC-7) | WILLIAMS | **MARTINEZ** | I have that one from last time |
| 9/27/2021 4:51:45 PM(UTC-7) | **MARTINEZ** | WILLIAMS | Oh ok coo |
| 9/27/2021 4:51:55 PM(UTC-7) | **MARTINEZ** | WILLIAMS | I'll give them that email |

United States' Sentencing Memorandum
*United States v. Martinez*, CR23-090-JHC 06 - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The David.Martinez.ceo@outlook.com email account referenced in this text exchange was the same account Williams used to submit at least 12 fraudulent EIDL applications using various identities in 2020.  The contents of the account's inbox also indicate that Williams used the account to submit applications for rental assistance to various non-profits in the Seattle area beginning as early as April 2020.  In these exchanges, Williams identified Martinez as the landlord for various tenants, including herself, her aliases, and other associates.  In at least one instance, Martinez's true personal identifying information was submitted on the required W2, and the organization required the payment check to be picked up in-person by Martinez with verifying identification.  *See, e.g.,* Ex. A, Emails Re: Paradise Williams Move In (USA-24727 to USA-24730).

In late October 2021, Martinez received a check from Non-Profit Organization 1 for $29,352.77 in federal Emergency Rental Assistance funds.  On about November 1, 2021, Martinez endorsed and deposited the check in his bank account and made a series of cash withdrawals over the following week that totaled $26,505.  PSR at ¶ 23.

In total, Martinez authorized Williams to use his identity and bank account on at least nine fraudulent applications for Emergency Rental Assistance funds that obtained $330,222.  *Id.* at ¶ 22.  Martinez also impersonated fake tenants and landlords in communications with program staff.  *Id.* Although Martinez initially retained a smaller portion of the proceeds, after the initial submissions, Martinez kept an equal share of the funds he shared with Williams or when co-defendant D'Arius Jackson filed the applications, Williams and Jackson.  In total, Martinez retained a least $110,616.  *Id.*

In February 2022, after Martinez and his co-defendants finished pilfering EPRAP, Martinez used his criminal proceeds for a $10,000 downpayment on a Chevy Silverado truck and a diamond pendant for $4,250.  *Id.* at 24.

## II.  PROCEDURAL HISTORY

On May 31, 2023, the Grand Jury returned a 26-count indictment, charging Paradise Williams, D'Arius Jackson, Jahri Cunningham, Tia Robinson, Rayvon Peterson, and David Martinez with various counts of wire fraud in connection with a presidentially declared

United States' Sentencing Memorandum
*United States v. Martinez*, CR23-090-JHC 06 - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

emergency or major disaster, in violation of 18 U.S.C. § 1343; and money laundering. Dkt. 1. Williams was charged with all 19 counts of wire fraud (Counts 1-19) and two counts of money laundering (Counts 25-26) for the purchase of two luxury vehicles. Martinez was charged with three counts of wire fraud (Counts 15, 18, 19) and one count of concealment money laundering, in violation of 18 U.S.C. 1956(a)(1)(B)(i) (Count 22).

On June 5, 2023, Martinez was arrested and made his initial appearance. He was released on bond with pretrial supervision.

On September 25, 2023, Martinez pled guilty to wire fraud as charged in Count 15, becoming the first defendant in this case to plead guilty. Dkt. 112-14.

### III.   SENTENCING GUIDELINES CALCULATIONS

The United States agrees with the Probation Office on the Sentencing Guidelines calculations and has no objections to the facts contained in the PSR.

The following calculation applies to wire fraud as charged in Count 15:

| Item | Guideline | Adjustment |
|---|---|---|
| Base | 2B1.1(a)(1) | +7 |
| Intended Loss in Excess of $250,000 | 2B1.1(b)(1)(G) | +12 |
| Theft of Major Disaster or National Emergency Benefits | 2B1.1(b)(12) | +2 |
| Acceptance | 3E1.1 | -3 |
| **Total** | | **18** |

*See* PSR at ¶¶ 32-42.

The defendant's total criminal history score is 2, which correlates with a criminal history category of II. *Id.* at ¶ 47. The resulting Guidelines range is 30 to 37 months of imprisonment. *Id.* at ¶ 148.

### IV.   SENTENCING RECOMMENDATION

As contemplated by the Plea Agreement, the United States maintains that 15 months of imprisonment is the appropriate sentence for Martinez. However, the government

United States' Sentencing Memorandum
*United States v. Martinez*, CR23-090-JHC 06 - 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

acknowledges that, given the sentence this Court imposed on co-defendant Tia Robinson, a sentence of 15 months would result in an unwarranted sentencing disparity between the co-defendants given Robinson's and Martinez's relative roles in the scheme. The government concurs with Probation's recommendation to impose a three-year term of supervised release following the term of imprisonment.

For the reasons set forth below, this recommendation is appropriate given "the nature and circumstances of the offense," and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to ensure adequate general deterrence, and "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), and (a)(2)(C).

A.  **The Nature and Circumstances of the Offense—Martinez's Repeated Theft of Funds During an Unprecedented National Emergency is an Aggravating Factor.**

To mitigate the spread of COVID-19, federal, state, and local governments—including Washington and cities in King County—enacted eviction moratoriums that ensured residents remained housed during the global pandemic. The moratoriums were intended to assist the millions of Americans facing financial hardship. The last federal moratorium ended on October 3, 2021; Washington's statewide moratorium ended on October 31, 2021; and Seattle's moratorium ended on January 15, 2022.

In anticipation of exacerbating existing housing crises amidst the ongoing pandemic when the moratoriums ceased, the U.S. Department of Treasury began disbursing Emergency Rental Assistance Program funds to state, local, and tribal governments in early 2021. From March 2021 through 2022, Washington State and local governments, including King County, received over $900 million in federal emergency rental assistance. Nevertheless, the administrating agencies acknowledged that there was insufficient funding to help every household who qualified, thus, the screening criteria was intended to target those most likely to become homeless but for the assistance. Even so, during the

United States' Sentencing Memorandum
*United States v. Martinez*, CR23-090-JHC 06 - 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

first two years of the pandemic, between 2020 and 2022, the homeless population in Washington State increased by approximately 10%.[1]

Martinez played an integral role in depleting scarce resources available to assist those on the brink of eviction during a national emergency. For at least nine fraudulent applications, Martinez knowingly persisted in his deceit. Martinez's willful conduct is particularly troubling because he also personally benefited from EPRAP twice when his true landlord obtained funds to cover his unpaid rent. Despite being a beneficiary of the program and recognizing its critical role in his own life, Martinez prevented other households in King County from remaining housed through the winter of 2021 and 2022.

**Sentencing Enhancements.** Notably, both Congress and the Sentencing Commission have endorsed sentencing enhancements during national emergencies and major disasters. *See* 18 U.S.C 1343 (increases maximum penalties to 30 years imprisonment and $1 million fine); USSG § 2B1.1(b)(2)(12) (two-level increase applied for offenses involving disaster fraud). Congress enacted the enhanced statutory penalty for wire (and mail) fraud in response to reports of widespread fraud and abuse in connection to disaster funds disbursed for Hurricanes Katrina and Rita. The Senate Judiciary Committee report noted:

> We want to help ensure that federal money goes to the right people and does not get stolen by criminals posing as victims. Congress wants to provide appropriate recovery and relief resources to affected States, and also ensure that these resources are protected and distributed only to the real victims–not to individuals seeking to take advantage of the disaster.

Senate Report No. 110-69, 110th Cong., 1st Session (May 22, 2007).

---

[1] U.S. Dep't of Housing and Urban Development, "The 2022 Annual Homelessness Assessment Report to Congress," (Dec. 2022) at 109, *available at* https://www.huduser.gov/portal/sites/default/files/pdf/2022-AHAR-Part-1.pdf.

United States' Sentencing Memorandum
*United States v. Martinez*, CR23-090-JHC 06 - 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

In this case, although Martinez lost income due to the pandemic, his greed exceeded his gratitude for the assistance he received and deprived other community members of the same benefits.

**B.  A Notable Term of Imprisonment is Necessary to Deter and is Just Punishment for the Offense.**

A notable term of imprisonment would be just punishment for Martinez's conduct, given the facts and circumstances discussed above, and is necessary to deter Martinez from further criminal behavior and promote rule of law.

## V.  CONCLUSION

As contemplated by the Plea Agreement, the United States maintains that 15 months of imprisonment is the appropriate sentence for Martinez. However, the government acknowledges that, given the 18-month sentence this Court imposed on co-defendant Tia Robinson, a sentence of 15 months would result in an unwarranted sentencing disparity between the co-defendants. Martinez's term of imprisonment should be followed by three years of supervised release, and the Court should further order Martinez to pay $300,222 in restitution, as agreed upon in the Plea Agreement.

Dated: March 4, 2024

Respectfully submitted,

TESSA M. GORMAN
United States Attorney

*/s/ Cindy Chang*
CINDY CHANG
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-0582
Email: Cindy.Chang@usdoj.gov

United States' Sentencing Memorandum
*United States v. Martinez*, CR23-090-JHC 06 - 8

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970